THE KLEIN & CARDALI LAW GROUP, PLLC

39 Broadway, 35th Floor

New York, New York, 10006

Telephone: 212-344-9022 / 212-964-3855

Fax: 212-344-0301 / 212-634-4856

September 27, 2024

Judge Stewart D. Aaron
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:**   **24-cv-1855 (SDA)**
       **Tepepa et al v. The Ribbon Worldwide 44 LLC et al**

Your Honor:

Following an extensive investigation, informal discovery, and arm's-length negotiations between experienced counsel, Plaintiffs Gabriel Tepepa, Leonel Nocelo, Elkhouas Laidi, Jose Faria, and Jose Luis Alberto Munoz ("Plaintiffs"), and Defendants, have agreed, subject to Court approval, to resolve this wage and hour lawsuit. The parties jointly and respectfully submit that the settlement satisfies the criteria for approval of under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA") because it resolves a bona fide dispute, and is fair, reasonable, and adequate.

Following a settlement conference held with the Court on July 29, 2024, the parties have reached a formal settlement agreement in the amount of $37,500.00, inclusive of attorneys' fees and costs in the amount of $13,116.75, and now seek the Court's formal approval of this settlement agreement. A copy of the Settlement Agreement, Release, and Waiver ("Settlement Agreement") is attached hereto as Exhibit "A."

**I.     Factual Background**

Plaintiffs filed this Complaint on March 12, 2024 seeking damages for unpaid minimum wages and tip misappropriation under the New York Labor Law ("NYLL") and the FLSA.

**II.    Summary of the Settlement Terms**

A.    The Settlement Fund and Attorneys' Fees

The Settlement Agreement establishes a settlement amount of $37,500.00 to settle claims against Defendants. See Exhibit A. Under the Settlement Agreement and as set forth herein, Plaintiffs' Counsel requests Court approval of an award in the total sum of $13,116.75 as attorneys' fees and their reasonable costs and litigation expenses.

**III.     The Parties' Settlement Is Fair and Reasonable and Should Be Approved**

Settlement is an important aspect of the judicial process that is treated with favor by courts. See, e.g., Wal-Mart Stores, Inc. v. Visa U.S.A. Inc., 396 F.3d 96, 116 (2d. Cir. 2005) (noting the "strong judicial policy in favor of settlements"). The settlement of FLSA claims is likewise encouraged, but the Second Circuit has held that settlements of FLSA claims require judicial approval. See Cheeks v Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015) (holding that, "[r]ule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect.").

If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. See Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1354 (11th Cir. 1982). In determining whether to approve a proposed FLSA settlement, relevant factors include:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

See Camacho v. Ess-a-Bagel, Inc., Index No. 14-cv-2592, 2014 U.S. Dist. LEXIS 171649, *4-6 (S.D.N.Y. Dec. 11, 2014). The settlement in the instant action meets all five criteria.

a.     Possible Range of Recovery

Based on the undersigned's analysis utilizing the hours alleged in the Complaint, Plaintiff calculated that the potential maximum recovery in this action was $30,000.00 in backpay plus $64,000.00 in misappropriated tips (not liquidated damages). The parties believe this settlement to be a fair resolution to this litigation, due to bona fide disputes about the value and credibility of Plaintiffs' claims, as set out below. Defendants maintain that any potential recovery would be far lower.

b.     Primary Factual Dispute and Risks

Here, the settlement amount of $37,500.00 is fair and appropriate in light of the considerable risks that Plaintiffs face. First, the Defendants strongly dispute the allegation that the tip pool was illegal. While Plaintiffs dispute this assertion, the amount of recovery by Plaintiffs could be significantly reduced or eliminated if Defendants are able to prove that the tip pool was properly constituted. Second, even if the tip pool was found to be illegal, Defendants also dispute the damages claimed by Plaintiffs.

Additionally, Plaintiffs believe that the present value of the settlement amount outweighs the value of potentially being awarded an undetermined amount months or years from now, after trial.

In short, there was significant risk for both parties to engage in protracted and costly litigation over these issues, with no guarantee of recovery.

In light of these risks, the Court should find that the settlement amount is reasonable. Based on the risks, Plaintiffs' counsel believes that the estimated settlement payments reflect a satisfactory recovery in this case, particularly in light of the of the length of time it would take to litigate this matter, the risk of zero recovery and Defendants' ability to pay any judgment.

The contested issues in this case demonstrate there was no fraud or collusion in reaching the settlement. See Meigel v. Flowers of the World, NYC, Inc., No. 11-cv-465 (KBF), 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012) ([T]ypically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement).

As discussed, there were several contested issues that made the settlement of the claims asserted in this action difficult. The parties exchanged numerous demands and counterproposals prior to reaching the settlement of this action during a formal mediation with the Court. Additionally, Plaintiffs are satisfied with the settlement amount and voluntarily and willingly entered into the Settlement Agreement.

**IV.    Plaintiffs' Counsel's Request for Attorneys' Fees and Costs Is Reasonable.**

Pursuant to the retainer agreement between Plaintiff and counsel, Plaintiff's attorneys' fees and costs are $13,116.75, which equals 35% of the $37,500.00 Settlement Payment. In re Lawrence, 24 N.Y.3d 320, 339 (2014) ("Absent incompetence, deception or overreaching, contingent fee agreements that are not void at the time of inception should be enforced as written."). As Judge Pitman has explained, Cheeks does not require the Court to review a plaintiff's fee arrangement with his attorney:

> I do not address the fee arrangement between plaintiff and his counsel because I do not believe I am required to do so under Cheeks . . . . As described in Cheeks, the purpose of the FLSA is to regulate the relationship between an employee and his employer and to protect the employee from overreaching by the employer. I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and his attorney.

Villalva-Zeferino v. Park, No. 15-CV-6932 (HBP), 2016 WL 740387, at *2 n. 2 (S.D.N.Y. Feb. 17, 2016); Gutierrez v. 352 E. 86th St. Rest. Inc. d/b/a "Gracie's Corner Diner" et al., No. 15 Civ. 2064, 2016 WL 750940 at *1 n. 1(S.D.N.Y. Feb. 19, 2016).

Plaintiffs counsel's lodestar is currently $21,348.35, which represents 47.75 hours worked on this file. As such, we believe that the contingency fee in this case is fair and reasonable, as it also includes costs of $616.75 incurred to date. See Exhibit B, a true and correct copy of Plaintiffs' counsel's contemporaneous time records. The undersigned attorney billed at a rate of $400.00 per hour. I graduated from Vanderbilt University Law School in 2007, and worked at Fox Rothschild

LLP from 2007 through early 2010, a national law firm where I practiced employment litigation defense, with my primary focus on wage and hour class and collective action cases. I have worked at The Klein Law Group PC since June 2010, and became partner in early 2016. At The Klein and Cardali Law Group, I have served as the attorney of record for dozens of wage and hour lawsuits in the Southern District of New York and the Eastern District of New York.

Jeffrey E. Goldman has sufficient experience in wage and hour litigation to support the requested attorneys' fees award. Jeffrey Goldman graduated from the Beasley School of Law at Temple University in Philadelphia in 1992 and has been practicing been practicing employment law for over 32 years. He served as Co-Chair of the Philadelphia Chapter of the National Employment Lawyer's Association ("NELA") and has spoken at various conventions and engagements focusing on employment-law, including the National NELA Convention. He has worked in the restaurant class action arena since 2002 litigating and arbitrating many cases. He was an early pioneer in the field when he filed his first-class action against Morton's of Chicago in 2002. He was lead counsel or co-lead counsel on lawsuits against several prominent restaurant chains, including, Del Friscos, Jean-Georges, Morton's of Chicago, Scarpetta, Le Marais, and Les Halles.

Courts have repeatedly found Jeffrey E. Goldman adequate class counsel in wage and hour class actions, for example: Dearlove v. Genzme Transgenic, Phila. Court of Common Pleas, November Term, 2001, No. 001031; O'Hare v. Morton's of Chicago, Inc., 08-601502; LaRue v. Morton's of Chicago, Inc., 02 cv 04988; Morton's Restaurant Group, Inc. et al v. Walker et al, 1:06-cv-04988 (S.D.N.Y.) (RSJ); Kato v. Masa NY, LLC, Index No. 09-104578; Hunter v. Palm Restaurant, Inc., 08-cv-7348 (S.D.N.Y.); Aleyn v. Jean-George Enterprises, LLC, 07-cv-6276 (S.D.N.Y.); Agofonova v. Nobu, Index No. NO: 07 CIV 6926 (S.D.N.Y.); Deyo v. Spirit Cruises, LLC, Index No. 08-601465; Griffith v. Spirit Cruises, LLC, Index No. 09-4001860; and Ponce v. Les Halles, Index No. 152155/2014; Chowdhury et al. v. GK Grill LLC et al., 2015 N.Y. Slip Op. 30169(U), 2015 WL 471787 (Sup Ct., New York County, Feb. 3, 2015); Murphy et al. v. Lajaunie et al., No. 13 Civ. 6503 (RJS), 2015 WL 4528140 (S.D.N.Y. July 24, 2015) (co-counsel) Rivera et al. v. Conant et al. 15-cv-04276 (S.D.N.Y. 2017); Polanco, etal v. Srah Bakery, Inc. et al., 18 cv 2530 (E.D.N.Y. Nov. 13, 2019)(BMC); Ceron et al v. Klein et al, 1:17-cv-05078-PK (E.D.N.Y Jan. 28, 2020)(PK) and most recently by Judge Ingrid Josephs in Kings County in the case of Ricardo Antezana, et.al v. Fiftyone Merchants LLC, Index No. 536229/2022 .

The one-third fee plus costs requested is a fair and reasonable amount, as it was not only agreed upon by Plaintiffs and counsel in the retainer agreement, but is also routinely approved by courts in the Second Circuit. See <u>Flores v. Anjost Corp</u>., No. 11-CV-1531 (AT) 2014 WL 321831, at 9 (S.D.N.Y. Jan. 28, 2014); <u>Rangel v. 639 Grand St. Meat & Produce Corp</u>., No. 13-CV-3234 (LB), 2013 WL 5308277, at 1 (E.D.N.Y. Sept. 19, 2013); <u>Mireku v. Red Vision Sys., Inc</u>., No. 11-CV-9671 (RA) (JLC), 2013 WL 6335978, at *3 (S.D.N.Y. Dec 6, 2013).

**V.    Conclusion.**

Therefore, for the reasons above, the parties maintain that the proposed settlement is fair and reasonable, and request the Court approve the Settlement Agreement and enter an order dismissing the action. Defendants do not oppose this request.

Respectfully,

The Klein and Cardali Law Group PLLC

/s/ Darren Rumack

Darren Rumack, Esq.

Jeffrey E. Goldman, Esq.

/s/ Jeffrey E. Goldman

*Attorneys for Plaintiffs*

c.c.    Michael Yim (via ECF)