UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GABRIEL TEPEPA, LEONEL NOCELO, ELKHOUAS LAIDI, JOSE FARIA and JOSE LUIS ALBERTO MUNOZ,

Plaintiffs,

Case No.: 24-cv-1838

– against –

THE RIBBON WORLDWIDE 44, LLC, d/b/a BACALL'S RESTAURANT and KENNETH STURM,

Defendants.

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between Gabriel Tepepa, Leonel Nocelo, Elkhouas Laidi, Jose Faria, and Jose Luis Alberto Munoz ("Plaintiffs") on one side, and Defendants, the Ribbon Worldwide 44, LLC and Kenneth Sturm ("Defendants") on the other side. "Plaintiffs" and "Defendants" are jointly referred to in this Settlement Agreement as the ("Parties"). The date of this settlement agreement is September ____, 2024.

### RECITALS

A. WHEREAS, on or about March 13, 2024, Plaintiff filed an action (the "Action") against All Defendants alleging, *inter alia*, that Defendants failed to compensate Plaintiffs at the applicable minimum wage for all hours worked up until forty (40) and during his employment in violation of the Fair Labor Standards Act and New York Labor Law. Plaintiffs also alleged that Defendants had an illegal tip pool. Plaintiffs further alleged that Defendants failed to provide him with duly compliant wage notices and wage statements in accordance with the Section 195 of the New York Labor Law. The above-referenced Action is currently pending in the United States District Court, Eastern District of New York, Case No.: 24-cv-1838);

B. WHEREAS, no court has considered or determined the merits of Plaintiff's claims;

C. WHEREAS, Defendants admit no wrongdoing, nor liability with respect to Plaintiff's allegations, and specifically defended themselves;

D. WHEREAS, the parties engaged in a settlement conference before United States Magistrate Judge Stewart Aaron and reached an economic agreement; and

E. NOW, THEREFORE, in consideration of the covenants, warranties, and promises set forth below, receipt of which is hereby acknowledged, the Parties agree as follows:

## TERMS

1. <u>Consideration</u>. The Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. Defendants agree to pay the amount set forth in Paragraph 2 of this Settlement Agreement.

2. <u>Settlement Compensation</u>. Defendants agrees to pay Plaintiffs thirty-seven thousand five hundred dollars ($37,500.00) (the "Settlement Payment"), inclusive of attorneys' fees and costs, in full settlement of Plaintiffs' claims against Defendants, as released in Paragraph 5. The Settlement Payment shall be paid within the later of two (2) months of execution of this Agreement by all the Parties and a properly executed W9 from Plaintiffs' counsel or within fourteen (14) days of "Cheeks" approval by the Court.

The settlement payment shall be apportioned as follows:

(A) One check made payable to "Jose Faria" in the amount of $5036.65, without any withholdings therefrom, to be reflected on an IRS form 1099;

(B) One check made payable to "Leonel Nocelo." in the amount $4,836.65, without any withholdings therefrom, to be reflected on an IRS form 1099;

(C) One check made payable to "Elkhouas Laidi" in the amount of $4,836.65 without any withholdings therefrom, to be reflected on an IRS form 1099;

(D) One check made payable to "Gabriel Tepepa" in the amount of $4,836.65, without any withholdings therefrom, to be reflected on an IRS form 1099;

(E) One check made payable to "Jose Luis Alberto Munoz" in the amount of $4,836.65, without any withholdings therefrom, to be reflected on an IRS form 1099;

(D) One check made payable to "The Klein and Cardali Law Group" in the amount of $6461.75 without any withholdings therefrom, to be reflected on an IRS form 1099, representing attorneys' fees and costs;

(E) One check made payable to "Jeffrey E. Goldman" in the amount of $6655.00, without any withholdings therefrom, to be reflected on an IRS form 1099, representing attorneys' fees and costs.

3. All Settlement Payments shall be sent to attn: Jeffrey E. Goldman, Esq., 260 Madison Avenue, 15th Floor, New York, New York 10016. Except, the settlement check payable to The Klein and Cardali Law Group shall be sent to attn: Darren Rumack, The Klein and Cardali Law Group, 39 Broadway 35th Floor, New York, NY 10006. Defendant shall not be liable for any matters related to disbursements made upon payment pursuant to the terms herein.

4. Each Plaintiff and Plaintiffs' counsel shall receive an IRS Form 1099 with respect to any amounts paid by Defendants.

Page 2 of 4

5. <u>Release</u>. For, and in consideration of, the payments provided for in Paragraph 2 above, subject to the terms and provisions of this Settlement Agreement, and subject to the payment of the Settlement Payment, Plaintiffs fully, finally, irrevocably, and forever releases and discharges Defendants and its affiliates, agents, owners, managers from all claims relating to his wage and hour claims under the Fair Labor Standards Act and New York Labor, including any and all amendments to the foregoing, as well as all claims for retaliation based on wage and hour laws.

6. <u>Jurisdiction</u>. The Parties consent that the United States District Court, Southern District of New York, where the Action was originally filed will retain jurisdiction over any question or dispute arising out of or pursuant to this Settlement Agreement. If the Court declines to retain jurisdiction, the Parties consent to the District Court where the Action was originally filed and the Supreme Court of the State of New York, County of New York, with respect to any question or dispute arising out of or pursuant to this Settlement Agreement.

7. <u>Headings</u>. The Parties understand and agree that the headings in this Settlement Agreement are for their convenience only and have no legal significance.

8. <u>Attorneys' Fees</u>. The Parties agree that, in any court action permitted by this Settlement Agreement, including enforcement proceedings, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs. Otherwise, each of the Parties shall be responsible for their own attorneys' fees and costs, including those previously incurred in the Action.

9. <u>Entire Agreement</u>. This Settlement Agreement contains all the understandings and representation between the Parties relating to the subject matter herein, and supersedes all prior and contemporaneous understandings, discussions, agreements, representations, and warranties, both written and oral, with respect to such subject matter. The Parties mutually agree that this Settlement Agreement can be specifically enforced in court and can be cited as evidence in legal proceedings alleging a breach of this Settlement Agreement.

10. <u>Counterparts</u>. The Parties may execute this Settlement Agreement in counterparts, and facsimile or electronic signatures shall be deemed an original, and all of which taken together, shall constitute one and the same instrument. Execution shall be effective by the signatory signing on the designated signature block below and the signatory's counsel transmitting that signature page via facsimile or email to counsel for the other Parties. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email to counsel for the other Parties. Photocopied, electronic signatures via DocUSign, and/or facsimile signatures shall be deemed originals for all purposes.

THE PARTIES ACKNOWLEDGE AND AGREE THAT THEY HAVE FULLY READ, UNDERSTAND, AND VOLUNTARILY ENTER INTO THIS SETTLEMENT AGREEMENT. THE PARTIES ACKNOWLEDGE AND AGREE THAT THEY HAVE CONSULTED WITH, AND ARE ACTING ON ADVICE OF AN ATTORNEY. BY SIGNING THIS SETTLEMENT

AGREEMENT.

IN WITNESS THEREOF, the Parties hereto evidence their agreement by their signature below.

GABRIEL TEPEPA                                    Date

*[signature]*
LEONEL NOCELO                                    9/23/24
                                                 Date

ELKHOUAS LAIDI                                   Date

JOSE FARIA                                       Date

*[signature]*
JOSE LUIS ALBERTO MUNOZ                          9/23/24
                                                 Date

THE RIBBON WORLDWIDE 44 LLC                      Date
By: Kenneth Sturm

*[signature]*
KENNETH STURM                                    Date

Page 4 of 4

AGREEMENT.

IN WITNESS THEREOF, the Parties hereto evidence their agreement by their signature below.

_____  
GABRIEL TEPEPA

Date 9/24/24

_____  
LEONEL NOCELO

Date 9/23/24

_____  
ELKHOUAS LAIDI

Date

_____  
JOSÉ FARIA

Date 9/24/24

_____  
JOSE LUIS ALBERTO MUNOZ

Date

_____  
THE RIBBON WORLDWIDE 44 LLC  
By: Kenneth Sturm

Date

_____  
KENNETH STURM

Date

AGREEMENT.

IN WITNESS THEREOF, the Parties hereto evidence their agreement by their signature below.

GABRIEL TEPEPA                                   Date

*[signature]*
LEONEL NOCELO                                    9/23/24
                                                 Date

*[signature]* ELKHOUAS                           9-30/24
ELKHOUAS LAIDI                                   Date


JOSE FARIA                                       Date

*[signature]*
JOSE LUIS ALBERTO MUNOZ                          9/23/24
                                                 Date

*[signature]*
THE RIBBON WORLDWIDE 44 LLC                      Date
By: Kenneth Sturm

KENNETH STURM                                    Date

Page 4 of 4